Filed 9/1/23  Parker v. Dolan CA4/1

# NOT TO BE PULISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| ROBERT PARKER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOSEPH DOLAN,<br><br>    Defendant and Respondent. | D081180<br><br><br>(Super. Ct. No. 37-2020-00016417-CU-DF-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed.

Robert Parker, in pro. per., for Plaintiff and Appellant.

Konoske Akiyama & Brust, Gregory P. Konoske and Megan K. Hawkins for Defendant and Respondent.

Robert Parker sued Joseph Dolan for battery more than two years after Dolan allegedly pushed his handkerchief in Parker's face during a fight over a treadmill in a gym. The trial court sustained Dolan's demurrer without leave to amend on statute of limitations grounds. Parker contends he should be able to invoke the discovery rule to extend the applicable statute of limitations based on his claim that the stress of the event suppressed his memory of the alleged battery.

We agree with the trial court that the discovery rule has no application to the facts of this case, nor can Parker save his action through amendment. Accordingly, we affirm the judgment of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2019, Parker hopped on a treadmill at his gym, part of a recreation center associated with San Diego State University. There was a small white courtesy towel in the treadmill's cupholder, but the treadmill did not otherwise appear to be occupied or in use. Moments later, Dolan approached and declared that he had reserved the treadmill with the hand towel. According to Parker, Dolan became "incensed and irrational," unplugging Parker's headphones from the treadmill and verbally berating him. Police were called, and the gym later revoked Parker's membership.

Representing himself, Parker sued the university gym and "Does 1-9" in May 2020 for defamation, breach of contract, breach of the covenant of good faith and fair dealing, and sex discrimination in connection with these events. His complaint identified "Doe 1" as the adult male with whom he had the dispute over the treadmill, but claimed to be "truly ignorant" of his name. The university filed an answer and the parties engaged in discovery.

2

In November 2021, Parker moved for leave to amend. The trial court granted the motion, and Parker filed an amended complaint on December 22, 2021, for the first time naming university professor Dolan as "Doe 1" and adding a new cause of action for battery. Details of the altercation were also provided, including allegations that during the incident Dolan pointed aggressively at Parker and wiped a mucous-soaked handkerchief on Parker's face. Parker claimed he then knocked Dolan's hand away and feigned a jab, intentionally not making contact with Dolan.

Parker voluntarily dismissed the defamation cause of action against Dolan, leaving only the claim for battery. Dolan demurred on statute of limitations grounds, asserting that Parker's remaining claim did not relate back to the filing of the initial complaint and was therefore barred by the applicable two-year statute of limitations. (Code Civ. Proc, § 335.1.)[1]

Parker did not dispute that his battery claim did not relate back to the filing date of his first complaint. Instead, he asserted that it was timely pursuant to the discovery rule. He maintained that he did not realize a battery occurred until viewing a video produced by the university during discovery. Parker attributed this gap in his otherwise clear memory of the day's events to the trauma he experienced as a result of his interactions with police and gym staff. He also offered to amend his complaint to specifically plead suppressed memory.

The trial court sustained the demurrer without leave to amend, agreeing that the battery cause of action was time barred. It first confirmed

---

[1] With the incident occurring on March 4, 2019, the two-year limitations period would normally run on March 4, 2021. An emergency rule extended that deadline by 180 days or less due to the COVID-19 pandemic (Cal. Rules of Court, Appx., Emergency Rule 9), meaning that any complaint had to be filed by August 30, 2021 unless the deadline were extended for some other reason.

that the relation-back principle did not apply because Parker's battery claim asserted a different injury based on different ultimate facts than were pleaded in the original complaint, it also concluded that the battery allegations in the amended complaint did not comport with the traditional application of the discovery rule. Indeed, Parker's original complaint was evidence that he was aware of salient details surrounding the battery before viewing the video produced in discovery.

## DISCUSSION

Parker challenges both the demurrer ruling and denial of leave to amend. We review an order sustaining a demurrer de novo, giving the complaint a reasonable interpretation, considering all material facts that are properly pleaded and matters that may be judicially noticed, but not contentions, deductions, or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.) If a demurrer is sustained without leave to amend, we look to see if there is a reasonable possibility the defect can be cured by amendment. (*Blank*, at p. 318.) If there is, the court abused its discretion in denying leave to amend. (*Ibid.*)

"A plaintiff must bring a claim within the limitations period after accrual of the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806 (*Fox*); see Code Civ. Proc., § 312.) A cause of action generally accrues when the cause of action is complete with all its elements. (*Fox,* at p. 806.) Battery has a two-year limitations period. (Code Civ. Proc, § 335.1.) Unless some exception applies, that period elapsed on August 30, 2021, two years and 178 days after the March 2019 incident. (See note 1, *ante*.)

4

To overcome this bar, Parker invokes the "discovery rule" as an exception to strict application of the statute of limitations. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action"—i.e., when he or she " 'has reason at least to suspect a factual basis for its elements.' " *(Fox, supra,* 35 Cal.4th at p. 807.) The standard is an objective one. A court's inquiry is not "hypertechnical," but rather asks whether a plaintiff has reason "to at least suspect that a type of wrongdoing has injured them." (*Ibid.*) "[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." (*Id.* at p. 808.)

Parker contends that he can avail himself of the discovery rule because "his knowledge of the battery was not formed" until long after the treadmill incident took place. He asserts that he did not remember the specifics of the event because his upbringing made him particularly prone to stress such that he could not process the situation. Before the trial court, he claimed the memory had been "suppressed or supplanted" by his traumatic experience with police.

But Parker's original complaint, and the nature of the battery itself, preclude application of the discovery rule. In his initial May 2020 pleading, Parker claimed that Dolan approached him shortly after he began using one of the treadmills. Dolan seemed "incensed and irrational" and "removed Dr. Parker's headphones from the treadmill sound system." In Parker's retelling, Dolan verbally "berated" him. Parker alleged he left to gather himself, and eventually returned to his workout. At this point, gym staff reported a "Physical Altercation" to campus police. Later, Dolan told police that Parker had struck him. Asserting the battery for the first time in his amended

5

complaint, Parker claimed Dolan threw a mucous-stained handkerchief at him, prompting him to feign a punch Dolan's way. Given that Parker was aware of two reports of a physical encounter, showed significant knowledge of the events surrounding the alleged battery, and reacted to the alleged battery by feigning a punch, a reasonable investigation would have given him knowledge of facts sufficient to state a battery claim. (*Fox, supra*, 35 Cal.4th at p. 808.)

This result is not affected merely because Parker cites his "clear allegation" that he never had the requisite knowledge. A plaintiff bears the burden to show diligence, and " 'conclusory allegations will not withstand demurrer.' " (*Fox, supra,* 35 Cal.4th at p. 808.) The trial court concluded that, whether he truly knew of the alleged battery, "as a matter of law he should have known." While we review the court's ruling and not its rationale (*Sipple v. City of Hayward* (2014) 225 Cal.App.4th 349, 355), we reach the same conclusion that on the facts as alleged, Parker had sufficient inquiry notice.

Turning to the denial of leave to amend, "appellate courts reviewing a general demurrer make a de novo determination of whether the complaint alleges 'facts sufficient to state a cause of action under *any possible legal theory*' "—including a theory presented for the first time on appeal or those first raised by the reviewing court. (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1244.) But even under this broad standard, there is no reasonable possibility that Parker can amend his pleading to properly invoke the discovery rule. He focuses on why this event was particularly stressful for him, representing that he was raised in " 'cowboy culture' " and is prone to an "extreme production of adrenalin" in stressful situations. Allegedly, these subjective reactions left him unable to

discover the battery at the time it occurred.  As we have explained, however, the discovery rule focuses on how a *reasonable person* would have responded to the circumstances of the case, not how a particularly sensitive or vulnerable person did respond.

Parker cites no authority for extending the limitations period by applying the discovery rule merely because a plaintiff claims to have experienced memory-clouding stress during a battery.  The cases he cites are readily distinguishable.

In *Evans v. Eckelman* (1990) 216 Cal.App.3d 1609, three brothers sued their uncle for sexually abusing them over a two-year period when they were teenagers. (*Id.* at pp. 1612–1613.)  They did not discover their abuse until years later when one brother began therapy and opened a dialogue with his siblings.  (*Id.* at p. 1613.)  Despite the delay, the appellate court concluded the discovery rule could apply to extend the applicable statute of limitations. It reasoned that "the shock and confusion engendered by parental molestation, together with the parent's demands for secrecy, may lead a child to deny or block the traumatic events from conscious memory."  (*Id.* at pp. 1614–1615.) Accordingly, the brothers should have been given leave to amend to add facts showing that their " 'internalized shame, guilt, and self blame' " left them unaware at the time of the abuse that their uncle was doing anything wrong.  (*Id.* at p. 1619.)

The court reached a similar conclusion with respect to the discovery rule in *Daley v. Regents of the University of California* (2019) 39 Cal.App.5th 595 (*Daley*), a case involving alleged medical battery.  Daley sued in 2015, claiming she was injured when doctors conducting a clinical trial performed an operation in 2003 that was substantially different than what she agreed to.  (*Id.* at pp. 598−600.)  She claimed a law firm advisement to members of

7

that clinical trial put her on notice that she might have been harmed years prior. (*Id.* at p. 606.) The trial court dismissed her action on statute of limitations grounds, applying the two-year period for medical battery. On appeal, the appellate court reasoned that the discovery rule might apply. The operation was performed while Daley was unconscious. (*Ibid.*) Any visible scarring was consistent with what she claimed she expected from surgery, and all evidence of the injury was internal. (*Id.* at p. 607.) Daley had lost her twins in 2003 (*id.* at p. 600), which the medical group claimed should have put her on notice, but she thought it resulted from natural pregnancy complications. (*Id.* at pp. 606–607.) Given the factual disputes in the record, the case was remanded for the trial court to decide whether Daley exercised reasonable diligence, and what she would have learned with such diligence, for purposes of the discovery rule. (*Id.* at p. 607.)

*Evans* and *Daley* stand for the proposition that the discovery rule may apply to toll statutes of limitation where the alleged battery is somehow concealed or difficult to discern. Both employ an objective standard by inquiring whether a reasonable person under the circumstances might have failed to discover their injury and/or its cause. As the trial court explained, this battery was neither hidden nor hard to comprehend. Parker was awake, an adult, and remembered salient details of the event, including that two parties described the event in a way that indicated a physical confrontation. The factors that make repression likely in cases like *Evans* are not present here. We see no basis upon which Parker can argue that a reasonable person would not have discovered the battery he alleges at the time it occurred. Accordingly, there was no abuse of discretion in denying leave to amend.

8

DISPOSITION

The judgment is affirmed.  Dolan is entitled to recover costs on appeal.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.